UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1160-PA (SP) | Date | February 23, 2016 |
|---|---|---|---|
| Title | AMBER MERRIE BRAY v. DEBORAH K. JOHNSON, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Second or Successive**

On February 19, 2016, petitioner Amber Merrie Bray filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges her 1998 convictions in Los Angeles County Superior Court for murder and conspiracy to commit murder, and her resulting sentence of life without the possibility of parole.

This court having reviewed the Petition, it appears that the Petition is subject to dismissal. In particular, without addressing whether there may be other defects, the Petition appears to be barred as a second or successive petition filed without the requisite Court of Appeals authorization.

The court will not make a final determination regarding whether the Petition should be dismissed, however, without giving petitioner an opportunity to address these issues. Accordingly, the court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **March 22, 2016**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## Second or Successive Petitions

This is not the first federal habeas petition petitioner has filed challenging the same convictions. Petitioner previously filed a habeas petition in this court in case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1160-PA (SP) | Date | February 23, 2016 |
|---|---|---|---|
| Title | AMBER MERRIE BRAY v. DEBORAH K. JOHNSON, Warden | | |

number CV 01-10580-ABC (MAN).  On January 4, 2005, this court denied petitioner's prior habeas petition challenging the same judgment challenged in this case, rejecting petitioner's claims on their merits

Under 28 U.S.C. § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:
- (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
- (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
- (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  If the petitioner meets either of the above exceptions, she must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

At least some of the claims in the Petition appear to be based on recent United States Supreme Court decisions.  Thus, it is possible petitioner could meet the exception in § 2244(b)(2)(A).

But even if petitioner's claims fall under one of the § 2244(b)(2) exceptions, the instant Petition would still be impermissibly successive because there is no indication petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A).  Where a petition is second or successive, the District Court should "dismiss it in its entirety" if the petitioner "failed to obtain the requisite authorization from the Court of Appeals." *Magwood*, 561 U.S. at 331.  As that appears to be the case here, the Petition appears subject to dismissal under § 2244(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1160-PA (SP) | Date | February 23, 2016 |
|---|---|---|---|
| Title | AMBER MERRIE BRAY v. DEBORAH K. JOHNSON, Warden | | |

## Petitioner's Options

If petitioner contends her claims meet one of the exceptions in 28 U.S.C. § 2244(b)(2), and that she has obtained permission from the Ninth Circuit to file a successive petition as required by § 2244(b)(3)(A), she should clearly explain all of this in a written response to this Order to Show Cause. The written response must be filed on or before **March 22, 2016**. Petitioner should attach to her response copies of any documents supporting her contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already. Such dismissal request must also be filed on or before **March 22, 2016**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice as impermissibly successive, for failure to prosecute, and/or for failure to obey court orders.**